UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION FILE NO. 5:23-ct-3332

| | |
|---|---|
| JOSHUA JOHNSON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **STEADMAN JODY GREENE'S**<br>) **ANSWER** |
| STEADMAN JODY GREENE, in his individual capacity; COLUMBUS COUNTY SHERIFF WILLIAM ROGERS in his official capacity; BERNETTA CRAWFORD, in her individual capacity; TRINA WORLEY in her individual capacity; and WESTERN SURETY COMPANY, in its capacity as Surety on the Official Bond of the Sheriff of Columbus County, | )<br>) **AND**<br>) **AFFIRMATIVE DEFENSES**<br>)<br>)<br>)<br>)<br>) **(Fed. R. Civ. P. 8(b)-(c))**<br>)<br>)<br>) |
| Defendants. | )<br>) |

NOW COMES Defendant Steadman Jody Greene (hereinafter "Greene"), by and through the undersigned counsel, pursuant to Rule 8 of the Federal Rules of Civil Procedure, and responds to the allegations contained in Plaintiff Joshua Johnson's (hereinafter "Plaintiff") Complaint, [D.E. 1], as follows:

### FIRST AFFIRMATIVE DEFENSE
### Qualified Immunity

Greene pleads qualified immunity as an affirmative defense and as a complete and total bar to the federal claims asserted against him.

### SECOND AFFIRMATIVE DEFENSE
### Public Official Immunity

Greene pleads public official immunity as an affirmative defense and as a complete and total bar to the State-based claims asserted against him.

### THIRD AFFIRMATIVE DEFENSE
**Contributory Negligence**

Greene pleads contributory negligence as an affirmative defense and as a complete and total bar to the claims asserted against him.

### FOURTH AFFIRMATIVE DEFENSE
**Failure to Exhaust Administrative Remedies – 42 U.S.C. § 1997e(a)**

Greene pleads Plaintiff's failure to exhaust administrative remedies as an affirmative defense and as a complete and total bar to the claims contained in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
**Incorporation of Affirmative Defenses Asserted by Others**

To the extent applicable, Greene adopts, and incorporates by reference, the affirmative defenses asserted by the other named and answering defendant.

### SIXTH AFFIRMATIVE DEFENSE
**Reservation of Rights**

To the extent permissible, Greene reserves the right to move for leave to amend this answer to assert additional affirmative defenses that become known or otherwise available as the case develops.

### ANSWER

Greene responds to the allegations contained in the enumerated paragraphs of Plaintiff's Complaint as follows:

1. The allegations contained in paragraph 1 of the Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted, upon information and belief, that inmates assaulted Plaintiff on August 3, 2022, while he was housed at the Columbus County Detention Center (hereinafter "CCDC"). Greene is

without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2. The allegations contained in paragraph 2 of the Complaint are editorial in nature and refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 2 of the Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the petition is denied.

3. The allegations contained in paragraph 3 of the Complaint are editorial in nature and refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 3 of the Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the petition is denied.

4. The allegations contained in paragraph 4 of the Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5. The allegations contained in paragraph 5 of the Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegation that Greene "flagrantly disregarded the safety of the detention center's inmates" is denied. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6. The allegations contained in paragraph 6 of the Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 6 of the Complaint provides a summary of the claims for relief advanced therein. Except as expressly herein admitted, the allegations contained in paragraph 6 of the Complaint are denied.

7. The allegations contained in paragraph 7 of the Complaint are admitted upon information and belief.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. The allegations contained in paragraph 9 of the Complaint are admitted.

10. The allegations contained in paragraph 10 of the Complaint are admitted upon information and belief.

11. The allegations contained in paragraph 11 of the Complaint are admitted.

12. The allegations contained in paragraph 12 of the Complaint are admitted.

13. As to the allegations contained in paragraph 13 of the Complaint, it is admitted, upon information and belief that Greene and Rogers were both insured during their respective terms as Sheriff. The allegation that such insurance coverage waives various immunity defenses is denied. Except as expressly herein admitted, the allegations contained in paragraph 13 of the Complaint are denied.

14. The allegations contained in paragraph 14 of the Complaint are admitted.

15. The allegations contained in paragraph 15 of the Complaint are admitted.

16. The allegations contained in paragraph 16 of the Complaint are admitted.

17. The allegations contained in paragraph 17 of the Complaint are denied.

18. As to the allegations contained in paragraph 18 of the Complaint, it is admitted that 10A NCAC 14J .0601(a) requires detention officers to conduct surveillance rounds at least twice an hour with not mor than 40 minutes between round and that they are required to observe each inmate during each round. The allegation that Greene, in his individual capacity, had an affirmative duty to conduct supervision rounds in accordance with 10A NCAC 14J .0601(a), and in failing to do so breached the same, is expressly denied. Greene is without sufficient independent knowledge to form a belief as to the remaining allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19. The allegations contained in paragraph 19 of the Complaint are admitted.

20. The allegations contained in paragraph 20 of the Complaint are denied.

21. As to the allegations contained in paragraph 21 of the Complaint, it is admitted, upon information and belief, that inmates assaulted Plaintiff on August 3, 2022, while he was housed at CCDC. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22. As to the allegations contained in 22 of the Complaint, it is admitted that 10A NCAC 14J .0601(b) states that "[a] jail shall utilize one or more supplemental methods of supervision 24 hours a day, 7 days a week." The allegation that Greene, in his individual capacity, had an affirmative duty to conduct supplemental supervision, and in failing to do so breached the same, is denied. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23. As to the allegations contained in paragraph 23 of the Complaint, it is admitted that surveillance cameras were set up throughout CCDC. References to Columbus County Sheriff's Office policies refer to written documents the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations regarding the Columbus County Sheriff's Office policies are admitted upon information and belief. The allegations regarding "a longstanding and well-established practice of ignoring" the referenced policies is denied. Except as expressly herein admitted, the allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are admitted.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are denied.

27. The allegations contained in paragraph 27 of the Complaint are admitted.

28. As to the allegations contained in paragraph 28 of the Complaint, it is admitted that some of the inmates housed in CCDC, including HA-143, are pretrial detainees awaiting resolution of criminal charges involving violent crimes. It is further admitted that fights between inmates occur on occasion. Except as expressly herein admitted, the allegations contained in paragraph 26 of the Complaint are denied.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. The allegations contained in paragraph 30 of the Complaint are denied.

31. The allegations contained in paragraph 31 of the Complaint are denied.

32. Greene is without sufficient independent knowledge to form a belief as to the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations regarding Crawford or her interactions with Plaintiff and therefore denies the same. The remaining allegations contained in paragraph 33 of the Complaint are expressly denied.

34. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations regarding Crawford or her interactions with Plaintiff contained in paragraph 34 of the Complaint and therefore denies the same. The remaining allegations contained in paragraph 34 of the Complaint are expressly denied.

35. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations regarding Crawfords actions contained in paragraph 35 of the Complaint and as such denies the same. The remaining allegations contained in paragraph 35 of the Complaint are denied.

36. Upon information and belief, the allegations contained in paragraph 36 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint and therefore denies the same.

37. Upon information and belief, the allegations contained in paragraph 37 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or

falsity of the allegations contained in paragraph 37 of the Complaint and therefore denies the same.

38. Upon information and belief, the allegations contained in paragraph 38 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint and therefore denies the same.

39. Upon information and belief, the allegations contained in paragraph 39 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint and therefore denies the same.

40. Upon information and belief, the allegations contained in paragraph 40 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted, upon information and belief, that inmates assaulted Plaintiff on August 3, 2022, while he was housed at CCDC. Except as expressly herein admitted, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint and therefore denies the same.

41. Upon information and belief, the allegations contained in paragraph 41 of the Complaint refer to events captured on video recordings, the contents of which speak for

themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint and therefore denies the same.

42. Upon information and belief, the allegations contained in paragraph 42 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint and therefore denies the same.

43. Upon information and belief, the allegations contained in paragraph 43 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint and therefore denies the same.

44. Upon information and belief, the allegations contained in paragraph 44 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint and therefore denies the same.

45. Upon information and belief, the allegations contained in paragraph 45 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint and therefore denies the same.

46. Upon information and belief, the allegations contained in paragraph 46 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Complaint and therefore denies the same.

47. Upon information and belief, the allegations contained in paragraph 47 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted, upon information and belief, that the events described in paragraphs 36 through 47 were documented on video recordings. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint and therefore denies the same.

48. Upon information and belief, the allegations contained in paragraph 48 of the Complaint refer to events captured on video recordings, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, Greene is without sufficient independent knowledge to form a belief as to the truth or

falsity of the allegations contained in paragraph 48 of the Complaint and therefore denies the same.

49. The allegations contained in paragraph 49 of the Complaint are denied.

50. As to the allegations contained in paragraph 50 of the Complaint, it is admitted, upon information and belief, that inmates assaulted Plaintiff on August 3, 2022, while he was housed at CCDC. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 50 of the Complaint and therefore denies the same.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. As to the allegations contained in paragraph 52 of the Complaint, it is admitted, upon information and belief, that New Hanover Regional Medical Center provided Plaintiff inpatient treatment for a period of approximately two weeks. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 52 of the Complaint and therefore denies the same.

53. As to the allegations contained in paragraph 53 of the Complaint, it is admitted, upon information and belief, that Plaintiff suffered serious injuries following the August 3, 2022 assault. It is further admitted that Plaintiff survived the assault. Greene without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 53 of the Complaint, and as such, except as expressly herein admitted, said allegations are denied.

54. The allegations contained in paragraph 54 of the Complaint are admitted upon information and belief.

55. The allegations contained in paragraph 55 of the Complaint refer to written documents, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 55 of the Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the petition is expressly denied.

56. The allegations contained in paragraph 56 of the Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 56 of the Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the amended petition is expressly denied.

57. The allegations contained in paragraph 57 of the Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 57 of the Complaint accurately summarizes certain allegations within the amended petition. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of this specific allegations contained within the amended petition and therefore denies the same. Any implication regarding the accuracy of misconduct allegations contained within the amended petition is denied. Except as expressly herein admitted, the allegations contained in paragraph 57 of the Complaint are denied.

58. The allegations contained in paragraph 58 of the Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 58 of the Complaint accurately summarizes certain language within the amended petition. The truthfulness

of the referenced language within the amended petition is denied. Any implication regarding the accuracy of misconduct allegations contained within the amended petition is denied. Except as expressly herein admitted, the allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 59 of the Complaint accurately summarizes certain language within the amended petition. The truthfulness of the referenced language within the amended petition is denied. Any implication regarding the accuracy of misconduct allegations contained within the amended petition is denied. Except as expressly herein admitted, the allegations contained in paragraph 59 of the Complaint are denied.

60. The allegations contained in paragraph 60 of the Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 60 of the Complaint accurately summarizes certain language within the amended petition. The truthfulness of the referenced language within the amended petition is denied. Any implication regarding the accuracy of misconduct allegations contained within the amended petition is denied. Except as expressly herein admitted, the allegations contained in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint are admitted.

62. The allegations contained in paragraph 62 of the Complaint are admitted.

63. The allegations contained in paragraph 63 of the Complaint are admitted.

64. The allegations contained in paragraph 64 of the Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the second petition is denied.

65. The allegations contained in paragraph 65 of the Complaint are admitted.

66. The allegations contained in paragraph 66 of the Complaint are admitted.

67. Greene restates his responses to the allegations contained in paragraphs 1 through 66 of the Complaint and incorporates them as if fully set forth herein.

68. The allegations contained in paragraph 68 of the Complaint are admitted.

69. The allegations contained in paragraph 69 of the Complaint are denied.

70. The allegations contained in paragraph 70 of the Complaint are denied.

71. The allegations contained in paragraph 71 of the Complaint are denied.

72. The allegations contained in paragraph 72 of the Complaint are denied.

73. As to the allegations contained in paragraph 73 of the Complaint, it is admitted, upon information at belief, that Defendants were acting under the color of law. The allegation that Defendants engaged in misconduct is denied.

74. The allegations contained in paragraph 74 of the Complaint are denied.

75. The allegations contained in paragraph 75 of the Complaint are denied.

76. The allegations contained in paragraph 76 of the Complaint are denied.

77. The allegations contained in paragraph 77 of the Complaint are denied.

78. The allegations contained in paragraph 74 of the Complaint are denied.

79. Greene restates his responses to the allegations contained in paragraphs 1 through 78 of the Complaint and incorporates them as if fully set forth herein.

80. The allegations contained in paragraph 80 of the Complaint are admitted.

81. The allegations contained in paragraph 81 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 81 of the Complaint are denied.

82. The allegations contained in paragraph 82 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 82 of the Complaint, and all subparts thereof, are denied.

83. The allegations contained in paragraph 83 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 83 of the Complaint are denied.

84. The allegations contained in paragraph 84 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 84 of the Complaint are denied.

85. The allegations contained in paragraph 85 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 85 of the Complaint are denied.

86. The allegations contained in paragraph 86 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 86 of the Complaint are denied.

87. The allegations contained in paragraph 87 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 87 of the Complaint are denied.

88. Greene restates his responses to the allegations contained in paragraphs 1 through 87 of the Complaint and incorporates them as if fully set forth herein.

89. The allegations contained in paragraph 89 of the Complaint are admitted.

90. As to the allegations contained in paragraph 90 of the Complaint, it is admitted that Defendants had certain duties prescribed by law. Any implication that Defendants breached said duties is denied.

91. The allegations contained in paragraph 91 of the Complaint, and all subparts thereof, are denied.

92. The allegations contained in paragraph 92 of the Complaint are denied.

93. The allegations contained in paragraph 93 of the Complaint are denied.

94. The allegations contained in paragraph 94 of the Complaint are denied.

94(a). The allegations contained in paragraph 94(a) of the Complaint are denied.

95. Greene restates his responses to the allegations contained in paragraphs 1 through 94 of the Complaint and incorporates them as if fully set forth herein.

96. The allegations contained in paragraph 96 of the Complaint are admitted.

97. The allegations contained in paragraph 97 of the Complaint are denied.

98. The allegations contained in paragraph 98 of the Complaint are denied.

99. The allegations contained in paragraph 99 of the Complaint are denied.

100. The allegations contained in paragraph 100 of the Complaint are denied.

101. The allegations contained in paragraph 101 of the Complaint are denied.

102. The allegations contained in paragraph 102 of the Complaint are denied.

103. Greene restates his responses to the allegations contained in paragraphs 1 through 102 of the Complaint and incorporates them as if fully set forth herein.

104. The allegations contained in paragraph 104 of the Complaint are admitted.

105. The allegations contained in paragraph 105 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive

16

pleading is required, the allegations contained in paragraph 105 of the Complaint are denied upon information and belief.

106. The allegations contained in paragraph 106 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 106 of the Complaint are denied upon information and belief.

107. The allegations contained in paragraph 107 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 107 of the Complaint are denied upon information and belief.

108. The allegations contained in paragraph 108 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 108 of the Complaint are denied.

109. The allegations contained in paragraph 109 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 109 of the Complaint are denied.

110. The allegations contained in paragraph 110 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 110 of the Complaint are denied.

111. Greene restates his responses to the allegations contained in paragraphs 1 through 110 of the Complaint and incorporates them as if fully set forth herein.

112. The allegations contained in paragraph 112 of the Complaint are admitted.

113. The allegations contained in paragraph 113 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 113 of the Complaint are denied upon information and belief.

114. The allegations contained in paragraph 114 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 114 of the Complaint are denied upon information and belief.

115. The allegations contained in paragraph 115 of the Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 115 of the Complaint are denied upon information and belief.

116. All allegations contained with the Complaint not expressly admitted herein are denied.

## **PRAYER FOR RELIEF**

WHEREFORE, Greene respectfully prays that the Court grant the following relief:

1. That Plaintiff have and recover nothing from Greene;

2. That Plaintiff's claims be dismissed, with prejudice, and that the costs be assessed against Plaintiff;

3. For trial by jury on all issues so triable;

4. For attorney's fees to the degree permitted by law; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 19th day of February, 2024.

>SUMRELL SUGG, P.A.
>*Attorneys for Defendant Greene*
>
>BY: /s/Frederick H. Bailey, III
>State Bar No. 36603
>Email: fbailey@nclawyers.com
>416 Pollock Street
>Post Office Drawer 889
>New Bern, North Carolina 28563
>Telephone: (252) 633-3131
>Facsimile: (252) 633-3507

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT STEADMAN JODY GREENE'S ANSWER AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of Court using the CM/ECF System which will provide electronic notice to:

Paul E. Smith, Esq.
Email: psmith@pathlaw.com
Bradley J. Bannon, Esq.
Email: bbannon@pathlaw.com
Patterson Harkavy, LLP
100 Europa Drive, Suite 420
Chapel Hill, North Carolina 27517
*Attorneys for Plaintiff*

Christopher J. Geis, Esq.
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Email: Chis.Geis@wbd-us.com
*Attorney for Defendants William Rogers and Western Surety Company*

This the 19th day of February 2024.

SUMRELL SUGG, P.A.
*Attorneys for Defendant Greene*

BY: /s/Frederick H. Bailey, III
State Bar No. 36603
Email: fbailey@nclawyers.com
416 Pollock Street
Post Office Drawer 889
New Bern, North Carolina 28563
Telephone: (252) 633-3131
Facsimile: (252) 633-3507

LSS157382