IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:23-CT-3332

| | |
|---|---|
| JOSHUA A. JOHNSON, )<br>)<br>*Plaintiff* )<br>)<br>)<br>v. )<br>)<br>)<br>STEADMAN JODY GREENE, in his )<br>Individual capacity; COLUMBUS )<br>COUNTY SHERIFF WILLIAM ROGERS, )<br>in his official capacity; )<br>BERNETTA CRAWFORD, in her individual )<br>Capacity; TRINA WORLEY, in her )<br>individual capacity; and WESTERN )<br>SURETY COMPANY, in its capacity as )<br>surety on the Official Bond of the Sheriff )<br>of Columbus County, )<br>)<br>*Defendants* )<br>) | **ANSWER OF DEFENDANTS COLUMBUS COUNTY SHERIFF WILLIAM ROGERS, BERNETTA CRAWFORD, TRINA WORLEY, and WESTERN SURETY COMPANY** |

NOW COME defendants Columbus County Sheriff William Rogers, Bernetta Crawford, Trina Worley, and Western Surety Company, by and through counsel, and, responding to the plaintiff's Complaint, answer and allege as follows:

**INTRODUCTION**

1. The allegations of paragraph 1 are admitted.

2. It is admitted that, in his petition seeking the removal of Jody Greene from office as the Sheriff of Columbus County, the District Attorney for Columbus County referred to the assault of the plaintiff, but it is denied that the assault was the reason or principal motivating factor for the decision to file the petition. The

District Attorney was aware of the assault when it occurred in August 2022 and did not file the petition until October 2022, after he learned of allegations of unrelated conduct by Jody Greene.

3. Admitted.

4. It is admitted that Mr. Johnson was transferred to the hospital in Wilmington and initially faced a poor prognosis for survival but recovered sufficiently enough that he checked himself out of the hospital two weeks after being admitted. The answering defendants are without knowledge or information sufficient to form a belief as to the remainder of the allegations or paragraph 4 and therefore the same are denied.

5. It is admitted that the plaintiff was assaulted on August 3, 2022, but the remainder of the allegations of paragraph 5 are denied.

6. The allegations of paragraph 6 are admitted.

## THE PARTIES

7. Admitted.

8. Admitted.

9. Admitted.

10. The allegations of paragraph 10 are admitted, except it is denied that defendant Crawford was a correction officer; rather, it is admitted that she was a jailer or detention officer, titles that are defined by statutes and case law.

11. Admitted.

12. It is denied that Western Surety Company provided the official bond that was in place for the Sheriff of Columbus County on August 3, 2022, but admitted that it previously did so and that it cancelled that bond at the end of 2021. Thus, it is denied that Western Surety is a proper party in this action or can be liable to the plaintiff. The remainder of the allegations of paragraph 12 are therefore irrelevant but nonetheless admitted.

13. It is admitted that an insurance policy was purchased by Columbus County for the Sheriff of Columbus County and was in effect in August 2022, but it is denied that said policy waived sovereign and/or governmental immunity for the Sheriffs or his officers. It is denied that the purchase of insurance has any bearing on whether a defendants is entitled to qualified immunity. The remainder of the allegations in paragraph 13 are admitted.

## JURISDICTION AND VENUE

14. Admitted.

15. Admitted.

## FACTUAL ALLEGATIONS

**A. Columbus County Detention Center**

16. It is admitted that the Sheriff of Columbus County operates the Columbus County Detention Center and that defendant Green served as Sheriff from on or about December 3, 2018, until he resigned from office on October 24, 2002, with a period of suspension from office in late 2018 and early 2019 as a result of an election dispute. It is admitted that defendant Greene had final policymaking authority over

the policies, practices, and customs of the Columbus County Sheriff's Office and Detention Center, but denied that defendant Trina Worley did. It is admitted that defendant Worley was promoted to captain and jail administrator of the Detention Center beginning in or around February 2022 and served as such until Sheriff William Rogers took office in January 2023. It is further admitted that defendant Worley currently serves as a Columbus County deputy sheriff. The remainder of the allegations of paragraph 16 are denied.

17. Denied.

18. The allegations of paragraph 18 are admitted, except for the categorical allegation, which is denied, that the defendants and detention officers failed to conduct required supervision rounds. It is admitted, however, that, on August 3, 2022, detention officers did not conduct observation rounds in the plaintiff's cell block for several hours.

19. Admitted.

20. Denied.

21. Admitted.

22. The allegations of paragraph 22 are admitted, except for the categorical allegation, which is denied, that the defendants failed to conduct required supplemental supervision of inmates.

23. It is admitted that the Columbus County Detention Center had video surveillance cameras that were used as a supplemental means to monitor inmates

and that the Sheriff's written policies speak for themselves, but the remainder of the allegations of paragraph 23 are denied.

24. Admitted.

25. Denied.

26. Denied.

27. Admitted.

28. It is admitted that some inmates in the Columbus County Detention Center are awaiting trial on charges involving serious crimes and that inmates sometimes get into fights, including in HA-143 and other pods, but the remainder of the allegations of paragraph 28 are denied.

29. Denied.

30. Denied.

31. Denied.

**B. Assault on Joshua Johnson**

32. It is admitted that, according to the plaintiff, who provided a statement to the State Bureau of Investigation, he was in jail for failure to pay child support. It is further admitted that, under the jail's practice at the time in response to the Covid-19 virus, inmates were usually placed in quarantine cells after their admission to the jail. The answering defendants are without knowledge or information as to the remainder of the allegations of paragraph 32 and therefore the same are denied.

33. It is admitted that the plaintiff was placed in HA-143 on August 3, 2022, and that defendant Crawford was the ranking officer and shift supervisor on duty in

the jail that day and knew the plaintiff's charges, but the remainder of the allegations of paragraph 33 are denied. It is specifically denied that defendant Crawford knew that HA-143 was "extremely dangerous," that it was not being monitored, and that the plaintiff would be "vulnerable to attack."

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are admitted, except it is denied that officers "ignored" the environment in the pod.

37. The allegations of paragraph 37 are admitted, except it is denied that officers "disregarded" any efforts by the plaintiff "to seek protection."

38. The allegations of paragraph 38 are admitted, except it is denied that officers "ignored" the plaintiff's calls on the emergency button.

39. The allegations of paragraph 39 are denied, except it is admitted that some inmates took off their socks. It is specifically denied that officers "ignored" threats to the plaintiff.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted, except it is denied that detention officers ignored inmate calls.

45. Admitted.

46. Admitted.

47. Admitted.

48. The allegations of paragraph 48 are admitted, and it is further admitted that most of the assault was not clearly visible on video because it took place in a cell, which was beyond the full view provided by surveillance cameras.

49. The allegations of paragraph 49 are denied, except it is admitted that detention officers did not respond to the cell during the assault.

50. It is admitted that, until the time the plaintiff was assaulted, no detention officer had conducted a surveillance round in Pod HA-143 during the shift that began at 7 a.m.

51. Denied.

52. The allegations of paragraph 52 are admitted. It is further admitted that the plaintiff checked himself out of New Hanover Regional Medical Center after two weeks there.

53. It is admitted that the plaintiff survived but suffered severe injuries. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning his current condition and therefore said allegations must be and are denied.

**C. Petition to Remove Jody Greene as Sheriff**

54. Admitted.

55. Admitted.

56. It is admitted that the District Attorney filed an amended petition for removal on October 21, 2022, and that the amended petition referred to the assault

of the plaintiff and former sheriff Greene's management of the Detention Center, but the remainder of the allegations of paragraph 56 are denied.

57. It is admitted that the amended petition is accurately quoted in paragraph 57, but it is denied that the plaintiff told the answering defendants that he asked to be moved or had concerns about this safety in the pod to which he was assigned.

58. It is admitted that paragraph 58 accurately quotes the petition.

59. It is admitted that paragraph 59 accurately quotes the petition.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – U.S. Const. Amends. VIII and XIV)

67. The defendants' responses in the previous paragraphs are incorporated by reference.

68. Admitted.

69. Denied.

70. The allegations of paragraph 70 are denied, except it is admitted that the plaintiff was placed in HA-143 and that supervisory rounds were not made during the time that he was assaulted.

71. Denied.

72. Denied.

73. The allegations of paragraph 73 are admitted, except it is denied that the answering defendants engaged in misconduct.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983 – <u>Monell</u> claim)**

79. The defendants' responses in the previous paragraphs are incorporated by reference.

80. Admitted.

81. The allegations of paragraph 81 are admitted, except it is denied that defendant Worley was a final policymaker.

82. The allegations of paragraph 82, including sub-parts (a) through (i), are denied.

83. Denied.

84. Denied.

85. Denied.

86. The allegations of paragraph 86 are denied, except it is admitted that the plaintiff was assaulted by other inmates.

87. Denied.

### THIRD CAUSE OF ACTION
### (Negligence)

88. The defendants' responses in the previous paragraphs are incorporated by reference.

89. Admitted.

90. It is admitted that the answering defendants had certain duties prescribed by law, but denied that the answering defendants violated said duties, and the remainder of the allegations of paragraph 90 are denied.

91. Denied.

92. The allegations of paragraph 92 are denied, except it is admitted that the plaintiff was assaulted.

93. Denied.

94. Denied.

94. [sic]  The allegations in this second paragraph 94 are denied.

### FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

95. The defendants' responses in the previous paragraphs are incorporated by reference.

96. Admitted.

97. Denied.

98. Denied.

99. Denied.

100. The allegations of paragraph 100 are denied, except it is admitted that the plaintiff was assaulted.

101. Denied.

102. Denied.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

103. The defendants' responses in the previous paragraphs are incorporated by reference.

104. Admitted.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

## SIXTH CAUSE OF ACTION
### (North Carolina Constitution)

111. The defendants' responses in the previous paragraphs are incorporated by reference.

112. It is admitted that the plaintiff has asserted this claim, but it is denied that such a claim can be asserted against Western Surety Company since it is an corporate entity and, as a matter of law, such claims can be asserted only against a government official in his or her official capacity. The remainder of the allegations of paragraph 112 are denied.

113. Denied.

114. The allegations of paragraph 114 are denied, except it is admitted that the plaintiff was assaulted by other inmates.

115. Denied.

**PRAYER FOR RELIEF**

It is denied that the plaintiff is entitled to any relief from the answering defendants in this matter.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Some or all of the plaintiff's claims as alleged against the answering defendants fail to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Second Affirmative Defense**

The plaintiff's claims are barred, in whole or in part, by qualified immunity, sovereign/governmental immunity, and public officer's immunity.

### Third Affirmative Defense

The defendants plead the intervening, insulting, and superseding acts, including the criminal conduct, of third parties as a defense to some or all of the plaintiff's claims.

### Fourth Affirmative Defense

The plaintiff's direct claim under the North Carolina Constitution should be dismissed because the plaintiff has other adequate remedies at law, including but not limited to a claim on the sheriff's statutory bond and claims against the defendants in their individual capacities. Further, a state constitutional claim can be brought only against a governmental official acting in his or her official capacity, and therefore the plaintiff's constitutional claim against Western Surety fails as a matter of law.

### Fifth Affirmative Defense

As a matter of law, the plaintiff may not recover punitive damages from the defendants in their official capacities or from the sheriff's surety, and therefore all such claims against said defendants should be dismissed.

### Sixth Affirmative Defense

Western Surety was not the Sheriff's surety at the time the plaintiff's injuries arose, and therefore it cannot be liable in this matter and should be dismissed.

### Seventh Affirmative Defense

As the United States Supreme Court has held, negligence, as a matter of law, in insufficient to state a claim under 42 U.S.C. § 1983.

WHEREFORE, having fully answer the plaintiff's Complaint, the answering defendants respectfully request that the plaintiff have and recover nothing; that the Complaint be dismissed with prejudice; and that the answering defendants recover their costs, including reasonable attorney's fees; and for such other relief as this Court deems just, equitable, and proper.

This is the 19th day of February, 2024.

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS
N.C. State Bar No. 25523
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Email: Chris.Geis@wbd-us.com
*Attorney for Defendants Columbus County Sheriff William Rogers, Bernetta Crawford, Trina Worley, and Western Surety Company*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of North Carolina, is attorney for defendants (*Columbus County Sheriff William Rogers, Bernetta Crawford, Trina Worley and Western Surety Company*) in this matter, and is a person of such age and discretion as to be competent to serve process.

I hereby certify that on February 19, 2024, I electronically filed the foregoing **ANSWER OF COLUMBUS COUNTY SHERIFF WILLIAM ROGERS, BERNETTA CRAWFORD, TRINA WORLEY, AND WESTERN SURETY COMPANY** with the Clerk of Court using the CM/ECF system which will also send an email notification to the following:

ADDRESS(ES):

Paul E. Smith
Bradley J. Bannon
100 Europa Drive, Suite 4200
Chapel Hill, NC 27517
psmith@pathlaw.com
bbannon@pathlaw.com
*Attorneys for Plaintiff*

Frederick Bailey
Sumrell Sugg, P.A.
416 Pollock Street
Post Officer Drawer 889
New Bern, NC 28563
fbailey@nclawyers.com
*Attorney for Steadman Jody Greene*

/s/ Christopher J. Geis
CHRISTOPHER J. GEIS
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3543
Facsimile: (336) 721-3660
Email: Chris.Geis@wbd-us.com
*Attorney for Defendants Columbus County Sheriff William Rogers, Bernetta Crawford, Trina Worley, and Western Surety Company*