IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| JOSHUA JOHNSON, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| STEADMAN JODY GREENE, in his individual capacity; COLUMBUS COUNTY SHERIFF WILLIAM ROGERS in his official capacity; BERNETTA CRAWFORD, in her individual capacity; TRINA WORLEY in her individual capacity; and WESTERN SURETY COMPANY, in its capacity as Surety on the Official Bond of the Sheriff of Columbus County, | ) ) ) ) ) ) ) ) ) ) ) Case No. 5:23-ct-3332-FL |
| | ) |
| *Defendants*. | ) |
| | ) |

## JOINT REPORT ON RULE 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN

1. The following persons participated in a 26(f) conference on Friday, March 1, 2024, via telephone:

> Paul Smith and Brad Bannon, representing Plaintiff Joshua Johnson;
>
> Chris Geis, representing Defendants William Rogers, Bernetta Crawford, Trina Worley, and Western Surety Company; and
>
> Derrick Bailey, representing Defendant Steadman Jody Greene.

2. This is a case about an assault at the Columbus County Detention Center in August 2022. Plaintiff asserts that the Court has original jurisdiction over his federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4), and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff believes that discovery

related to his *Monell* claim, the various immunity defenses asserted by Defendants, and the potential presence of unknown additional defendants adds complexity to the litigation. Defendants have agreed not to seek to limit initial discovery to the question of whether they are entitled to qualified and/or public officer immunity. Plaintiff seeks relief including compensation for the physical, emotional, and pecuniary damages caused by the assault, punitive damages, attorney's fees and costs, and pre- and post-judgment interest.

3. Initial Disclosures: The parties will complete the initial disclosures required by Rule 26(a)(1) fifteen days after the court's approval of the scheduling order, but no later than April 1, 2024.

4. Discovery Plan:

The parties propose to the Court the following discovery plan:

a. Discovery will be needed on the allegations contained in Plaintiff's complaint, defenses to the allegations, the identity of additional possible defendants, and damages sought by Plaintiff. Such discovery will consist primarily of depositions and written discovery such as interrogatories, requests for production of documents, requests for admissions, and subpoenas.

b. Discovery will begin the date the Court approves this scheduling order, but no later than **April 1, 2024**. The discovery completion date is **January 31, 2025.**

c. The parties agree that the maximum number of interrogatories to be served on any party by any other party will be 25, in accordance with Fed. R. Civ. P. 33(a)(1). Answers to interrogatories are due thirty days after service of the same unless extended by agreement.

d. The parties agree that the maximum number of requests for admissions to be served on any party by any other party will be 25. Answers to requests for admissions are due thirty days after service of the same unless extended by agreement.

e. The parties agree that the maximum number of depositions by each party will be 10.

f.  The parties agree that the length of depositions will be limited to one seven-hour day of questioning and answering, unless extended by agreement or Order of the Court.

g.  Deadline for disclosing reports of expert witnesses:

   By Plaintiff: **October 1, 2024**

   By Defendants: **November 1, 2024.**

h.  The final date for supplementation under Rule 26(e) is **December 16, 2024**.

i.  **Electronic Discovery**: Should a request for production seek discovery of electronically stored information ("ESI"), then the following provisions shall apply:

   1.  **Form of preservation**: The Parties agree that discoverable ESI will be preserved in its "native file format" which shall be the format as designated by the original computer application used to create such information unless preservation in native file format would be impractical or result in significant expense. To the extent that preservation in native file format would be impractical or result in significant expense, ESI may be preserved in a form reasonably usable by the requesting party.

   2.  **Form of production:** The Parties agree that discoverable ESI may initially be produced in ".pdf" format instead of native file format. On request of any party and a showing that native file format production is relevant and proportionate to the needs of the case, a party producing information in .pdf format shall supplement that production with the information in native file format.

   3.  The Parties shall preserve all ESI which may be potentially discoverable and reasonably foreseeable as relevant to this action as required by the Federal Rules of Civil Procedure. The Parties further agree that after they are served with a request for production of ESI, they will make a good faith effort to identify and preserve all relevant ESI.

   4.  If either party objects to producing ESI on the ground that its content is not reasonably accessible because of undue burden or cost, prior to asserting an objection, the responding party will inform the requesting party of the ESI it is willing to produce, the nature and location of the ESI claimed to not be reasonably accessible, the reason(s) why the requested production would

     impose an undue burden or is unreasonably costly, and afford the requesting party 10 working days to propose an alternative means of compliance with the request, including payment of all or part of the costs of retrieving the ESI.

j. There are currently no issues regarding claims of privilege or protection of trial-preparation material. The parties agree that the personnel records in the custody of the Columbus County Sheriff's Office may be discoverable, but they are confidential and protected from disclosure under N.C. Gen. Stat. § 153A-98 and may not be released without a court order. The parties also agree that jail videos surrounding the events described in the pleadings and currently in the custody of the Columbus County Sheriff's Office and/or SBI may be discoverable, but those videos are also protected from disclosure under N.C. Gen. Stat. § 132-1.4A and may not be released without a court order. The parties agree to confer on a motion for entry of a protective order to allow release of said personnel records and/or the release of said videos if such records and/or videos are sought in discovery and their production is not otherwise objectionable. The parties also agree to enter into a consent protective order allowing the release of law enforcement investigatory records, including the SBI's investigatory file, along with other confidential records that may be relevant to the dispute.

 Additionally, the parties agree that the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection will not be deemed to waive a party's claim to its privilege or protected nature or estop that party or the privilege holder from designating the information or document as privileged or protected at a later date, either in the present litigation or in any other Federal or State proceeding. For purposes of this agreement, the production of any information or document will be considered inadvertent so long as the producing party conducts a cursory privilege review of the document and/or information before producing such document or information. Likewise, if the producing party conducts a cursory privilege review then such review will be considered to constitute reasonable steps to prevent disclosure. Any party receiving such privileged information or document shall return it upon request from the producing party. Likewise, if the receiving party believes that any information or document received is likely to be subject to privilege, counsel for the receiving party shall promptly notify counsel for the producing party of production of the document and describe the basis for his or her expectation of privilege. Upon receiving a request from the producing party to return any specific information or document, the receiving party shall return the information or document (including both the original and any copies) to the producing party within ten (10) business days.

If the receiving party disputes the producing party's assertion of privilege or protection, the receiving party may retain a single copy of the claimed protected materials for the sole purpose of resolving the dispute. The parties shall first meet and confer in an effort to resolve the dispute. If the parties cannot resolve the dispute, the receiving party may move the Court for a resolution, but must present the claimed protected material under seal. If the parties ultimately agree and/or the Court ultimately finds that the information or documents are privileged or protected, the receiving party shall, upon request of the producing party, return the single copy retained for resolving the dispute and not use it for any purpose or further disclose it. If any information or document was disclosed by the receiving party before he/she received notification of a claimed privilege, the receiving party must take reasonable steps to retrieve the information or document.

5. Other Items:

   a. The parties do not believe that a scheduling conference is necessary prior to the entry of a scheduling order.

   b. The parties propose the final pretrial conference be held fourteen (14) days before trial. The parties do not believe that any other pretrial conference is necessary.

   c. The deadline for Plaintiff to amend pleadings or join additional parties is **June 28, 2024**.

   d. The deadline for Defendants to amend pleadings or join additional parties is **July 31, 2024**.

   e. The final date to file dispositive motions is thirty (30) days from the end of discovery, currently set as March 3, 2025. Responses to dispositive motions are due within 30 days of the motion, and replies within 14 days of the response.

   f. The parties have discussed the prospects of settlement, and concur that additional discovery is required before pursuing resolution.

   g. The parties believe that mediation is appropriate in this matter. The parties request a mediation deadline at the close of discovery. The parties have selected Patricia L. Holland as mediator.

   h. The final date for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibits lists is thirty (30) days before trial.

      i.       The final date to file objections under Rule 26(a)(3) is twenty-one (21) days before trial.

      j.       The parties propose a trial date of ninety (90) days after the Court rules on any dispositive motions, or if no dispositive motions are filed, ninety (90) days after the deadline for dispositive motions passes, and anticipate that trial will take 3-4 days to complete.

Respectfully submitted,

/s/ Paul E. Smith
Paul E. Smith, NC Bar No. 45014
psmith@pathlaw.com
Bradley J. Bannon, NC Bar No. 24106
bbannon@pathlaw.com
PATTERSON HARKAVY LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
Telephone: (919) 942-5200
Facsimile: (866) 397-8671

*Counsel for Plaintiff*

/s/ Christopher J. Geis
Christopher J. Geis, NC Bar No. 25523
Chris.Geis@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston Salem, NC 27101
Tel: 336.721.3600

*Counsel for Defendants William Rogers, Bernetta Crawford, Trina Worley, and Western Surety Company*

/s/ Frederick H. Bailey
Frederick H. Bailey, III, NC Bar No. 36603
fbailey@nclawyers.com
SUMRELL SUGG, P.A.
416 Pollock Street
New Bern, NC 28563
Tel: 252.633.3131

*Counsel for Steadman Jody Greene*