# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## Case No. 5:23-ct-3332-FL

| | |
|---|---|
| JOSHUA JOHNSON, <br><br> *Plaintiff*, <br><br> v. <br><br> STEADMAN JODY GREENE, in his individual capacity; COLUMBUS COUNTY SHERIFF WILLIAM ROGERS in his official capacity; BERNETTA CRAWFORD, in her individual capacity; TRINA WORLEY in her individual capacity; and WESTERN SURETY COMPANY, in its capacity as Surety on the Official Bond of the Sheriff of Columbus County, <br><br> *Defendants*. | **Protective Order** |

Plaintiff Joshua Johnson, pursuant to Local Rule 7.1, Rule 26(c) of the Federal Rules of Civil Procedure, and N.C. Gen. Stat. §§ 160A-168, 153A-98, 132-1.4 and 132-1.4A, has moved for entry of a Protective Order to expedite the flow of discovery materials; facilitate the prompt resolution of discovery disputes, as well as disputes concerning confidentiality; facilitate the production of materials requested via subpoenas *duces tecum*; protect certain information designated as confidential ("Confidential Information"); and ensure that protection is afforded only to material so designated.

Plaintiff intends to seek records from public law enforcement agencies and other entities who are part of the criminal justice system, some of which may be exempt from disclosure under the Public Records Act, absent a court order, under N.C. Gen. Stat. §§ 132-1.4 or 132-1.4A, and some of which may be protected by the privilege afforded law enforcement investigative information, may implicate the privacy rights of persons who are not parties to this action, or may otherwise be confidential or privileged. Plaintiff also intends to seek personnel information that may be protected by N.C. Gen. Stat. §§ 160A-168 and/or 153A-98. Section 160A-168 establishes the extent to which municipal employee personnel records are confidential and also provides that they may be released by court order. Section 153A-98 establishes the extent to which county employee personnel records are confidential and also provides that they may be released by court order. Plaintiff also anticipates that his medical records may be relied upon by the parties and that additional information requested by the parties may implicate the privacy rights of people who are not parties to this action.

The parties were able to reach agreement as to the large majority of the proposed protective order. They were unable to agree as to whether the agreement should authorize the production of law enforcement officers' personnel records when the officer is not named as an individual capacity defendant – in particular, the scope of subparagraph 1(c). For good cause shown, the Court determines that the protective order should authorize the production of personnel records of non-defendant law enforcement officers who are not individual capacity defendants. As noted in the Order, this determination does not limit the right of any party to object to requests for such records on other grounds, including

objections based on the requested information's relevancy and proportionality to the needs of the case.

**IT IS HEREBY ORDERED THAT:**

1. **<u>General Scope of the Agreement.</u>** This Consent Protective Order authorizes the production of otherwise confidential information and governs the process of designating any documents, material, and/or information produced pursuant to discovery requests, subpoenas, and/or depositions in this case as "Confidential Information." Information in whatever form may be produced and designated as Confidential Information if a party (including a third party producing documents in response to a subpoena) has a legitimate reason to maintain that the information qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure. Without limiting the generality of the foregoing, Confidential Information may include, but is not limited to:

 a) Personal information of the Plaintiff including, but not limited to, Social Security numbers, financial information, medical information, and physiological or psychiatric records;

 b) Personal information of Defendants Greene, Crawford, and Worley including, but not limited to, Social Security numbers, financial information, medical information, and physiological or psychiatric records;

 c) Personnel file information encompassed by N.C. Gen. Stat. §§ 160A-168 and 153A-98;

d) Law enforcement records encompassed by N.C. Gen. Stat. § 132-1.4, including prosecutorial records, SBI reports and investigatory files, video and audio recordings, or other law enforcement investigative materials;

e) Recordings as defined by N.C. Gen. Stat. § 132-1.4A;

f) Documents, materials, or information properly designated as Confidential Information in this Order or in any Order subsequently entered in this action; and

g) Other documents, materials, or information which are potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a Consent Order

2. **Redaction of Certain Information.** The Parties and any recipient of a subpoena *duces tecum* or a discovery request shall be allowed to redact the following information from any documents provided pursuant to this Order: (a) Social Security numbers; (b) dates of birth, (c) financial account numbers, and (d) driver's license numbers. In all cases in which a redacted record is provided in this action, the redaction shall be clearly noted on the document provided.

3. **Designation as Confidential Information: Good Faith Requirement.** Any party or respondent to a subpoena *duces tecum*, producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate information as Confidential Information, in accordance with the procedures set forth herein, regardless of the form or manner in which the information is being produced. Such designation shall be made at the time the information is produced

or furnished, or at a later time as provided herein. Such designation shall only be made after a good faith determination that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

4. **Procedure for Designating Information as Confidential.** The Parties and any respondent to a subpoena *duces tecum* may designate Confidential Information in the following manner:

   a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

   b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain Confidential Information may be bound separately and marked with the word "Confidential"; and

   c) In the case of depositions or other pretrial testimony in this action by the Parties or any of their officers or employees, including any deposition exhibit or portion thereof, by a statement to that effect on the record by counsel for the party who claims that Confidential Information is about to be or has been disclosed, or by designating it as Confidential Information in writing to all Parties within thirty (30) days of receipt of the transcript, or any other date as agreed upon by the Parties. Such written statement shall include the specific pages and lines of the deposition transcript, and/or any

exhibit or portion thereof, which is designated as Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. All depositions shall be treated as Confidential for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the Parties. Unless the Parties intend to designate all of the information contained within a particular exhibit or deposition testimony as Confidential Information, counsel for that party should indicate in a clear fashion the portion of the exhibit or testimony intended to be designated as Confidential Information.

d) Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as Confidential Information (1) by informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential Information at the time of production or (2) by such other means as agreed to by the parties to this Consent Order. To the extent practicable, such physical medium shall be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

e) Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by

serving a written notification of such designation on Counsel for the Requesting Party

5. **Restricted Use of Confidential Information.** Documents and information designated as Confidential Information pursuant to Paragraphs 1 through 4 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

- a) The Court (including the Clerk's office, court reporters and videographers, and any special master or mediator appointed by the Court, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

- b) The Parties, counsel for the Parties, their staff members, their professional and para-professional employees, or other agents or representatives of either party, as necessary to prepare this case for litigation.

- c) Any experts or service contractors (e.g., court reporters or outside photocopying or imaging services) associated with the Parties regarding this action;

- d) Any person or entity who is not presently a Party to this litigation, but who is added as a Party through amendment of the pleadings;

- e) Any potential or actual deposition or trial witness as necessary to prepare this case for litigation;

f) Deponents, during a deposition or in preparation therefore, when the Confidential Information is materially related to the examination or testimony of such deponent; or

g) Consultants and technical experts involved in the preparation of this action.

6. **<u>Acknowledgment of Agreement.</u>** All persons to whom Confidential Information is disclosed pursuant to Paragraph 5 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Information pursuant to Paragraph 5 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person breaching the provisions of this Order is subject to the contempt powers of this Court.

7. **<u>Inadvertent Disclosure.</u>** In the event a party inadvertently produces information which should have been, but was not, designated Confidential Information, the producing party may designate such information as Confidential Information by notifying counsel of the error and producing the documents again, with the appropriate designation under Paragraph 4, within twenty (20) days of discovery of the inadvertent production. The Parties will then treat that information as if it had been properly designated as Confidential Information when initially produced, destroy any documents and copies not so marked, and certify as to such destruction.

8. **<u>Use of Confidential Materials in this Case.</u>** Nothing in this Agreement shall prevent or impair the use by a party of Confidential Information as set forth in Paragraphs 1 through 4 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any

deposition, hearing, conference, or other proceeding before trial so long as confidentiality of such information is protected as provided herein. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Information as set forth in Paragraphs 1 through 4 of this Agreement at trial in accordance with any rules established by the Court.

9. **<u>Restricted Access Documents.</u>** Before filing any information that has been designated confidential with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the

Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court

Motions to seal must comply with Section V.G.1 of the Court's CM/ECF Policy Manual (http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf). Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

10. **<u>Challenging Confidentiality.</u>** A party may apply to the Court for a ruling that information designated as Confidential Information by the producing party is not entitled to such protection. The receiving party must first make a good-faith attempt to resolve the dispute informally with the producing party. Unless and until the parties agree that information designated as Confidential Information is not entitled to the protection

conferred by such designation, or, in the absence of agreement, the Court so rules, said information shall remain Confidential Information subject to this Protective Order.

11. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds, including objections based on the requested information's relevancy and proportionality to the needs of the case. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All Parties retain the right to apply to the Court for an order affording additional protection to Confidential Information as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification of this Order.

12. **Disclosure.** Nothing contained herein shall prevent a party from disclosing, revealing, or using any documents, materials, or other information which is already lawfully in the possession of that party.

13. **Modification of the Agreement.** In the event of further proceedings in this action, if any of the Parties believe this Agreement unreasonably impedes discovery or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, or that amendments are required to facilitate a third party's response to a subpoena *duces tecum*, such party may serve notice upon the Parties and request the that Court modify this Agreement.

14. **Protection of Copies.** All copies, extracts or summaries prepared from Confidential Information produced hereunder, but excluding any materials which in the

good faith judgment of counsel are work product materials, shall be subject to the same terms of this Agreement as the Confidential Information from which such copies, extracts, or summaries were prepared, if properly designated.

15. **Notices.**  Notice required under this Agreement shall be in writing and provided to the attorneys for the Parties listed below.  Notice to the Parties shall be adequate if given solely to the Parties' counsel of record.

16. **Effective Date.**  This Agreement shall be effectively immediately and shall survive the conclusion of this lawsuit.

**IT IS SO ORDERED**.

This the 29th day of April, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge