| | | |
|---|---|---|
| JOSHUA JOHNSON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEADMAN JODY GREENE, in his | ) | |
| individual capacity; COLUMBUS | ) | |
| COUNTY SHERIFF WILLIAM ROGERS | ) | **Case No. 5:23-ct-3332-FL** |
| in his official capacity; BERNETTA | ) | |
| CRAWFORD, in her individual capacity; | ) | |
| TRINA WORLEY in her individual | ) | |
| capacity; and WESTERN SURETY | ) | |
| COMPANY, in its capacity as Surety on | ) | |
| the Official Bond of the Sheriff of | ) | |
| Columbus County, | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Joshua Johnson timely moves the Court for leave to file an amended complaint

under Rule 15(a)(2) of the Federal Rules of Civil Procedure. The amended complaint

supplements the factual and legal allegations, adds five additional individual-capacity

defendants, and corrects the name of the surety defendant. The proposed amended complaint is

attached as Exhibit A. A redlined copy indicating in what respect it differs from the original

complaint is attached as Exhibit B.

**STATEMENT OF FACTS**

This case arises from Plaintiff's assault by other inmates at the Columbus County

Detention Center in August 2022. (Doc. No. 1) The assault had been investigated by the North

Carolina State Bureau of Investigations ("SBI"). Before filing the Complaint, the Columbus

County District Attorney and the SBI permitted Plaintiff's counsel to view the contents of their investigatory file on three occasions. However, Plaintiff's counsel were not permitted to retain copies of any portion of the file. Given the time constraints inherent in these viewings, Plaintiff's counsel were unable to view the entirety of the SBI's file during these viewings.

Plaintiff's original Complaint was filed on December 1, 2023, and was based largely on this partial review of the SBI file. The original Complaint named Defendants Bernetta Crawford, Trina Worley, and Jody Greene as individual capacity defendants; the current Columbus County Sheriff in his official capacity; and Western Surety Company, which Plaintiff believed was the surety on the sheriff's bond at the time of filing. (Doc. No. 1 at 13–21.) The original complaint alleged, *inter alia*, that officers on duty at the time of Plaintiff's assault failed to conduct surveillance rounds, failed to respond when he pressed the emergency call button, and failed to monitor surveillance cameras. (Id. at 4-11.) However, while Plaintiff had been able to determine the names of the officers on duty at the time of his assault, review of the SBI file had not demonstrated which of these officers had been responsible for failing to conduct rounds, failing to respond to the emergency call system, and failing to monitor surveillance cameras.

Defendants filed Answers on February, 19 2024. (Doc. Nos. 14, 15.) Defendant Rogers' Answer contended that Plaintiff named the wrong entity as surety. (Doc. No. 15 at ¶ 12.)

On March 11, 2024, the parties filed a Joint 26(f) Report, recognizing that Plaintiff believed discovery might reveal the identity of additional unknown defendants. (Doc. No. 21 at ¶ 2.) On March 21, 2024, the Court issued its case management order, which set June 28, 2024, as the deadline to amend pleadings and add parties. (Doc No. 22 at ¶ B.2.)

On March 22, 2024, counsel for Defendant Rogers, Crawford, Worley, and Western Surety provided a copy of the sheriff's bond in place at the time of the bond, which was executed

by RLI Insurance Company. Counsel noted he would consent to the substitution of this entity and dismissal of Western Surety as a party.

On March 22, 2024, Plaintiff served his first set of interrogatories and requests for production of documents on Defendant Rogers. On April 12, 2024, Plaintiff served interrogatories and request for documents on Defendants Greene, Worley, and Crawford.

Following agreed-upon extensions, Plaintiff's counsel received Worley's discovery responses on May 30, 2024; Crawford's on June 6, 2024; Greene's on June 11, 2024; and Rogers' on June 13, 2024. Defendant Rogers' production included many documents previously unavailable to Plaintiff, including documents related to an internal affairs investigation into Plaintiff's assault and interview recordings of the officers on duty at the time of the assault.

Defendants' discovery responses revealed additional information previously unknown to Plaintiff and his counsel. They revealed that officer Brandon Gore shared supervisory responsibilities on the day of the assault. They identified officers Matthew Pridgen, Scott Fowler, and James Nobles as officers who had been in the jails "master control" room around the time of Plaintiff's assault, which was where the jail's emergency call button system and live surveillance feeds were supposed to be monitored. They identified officers James Nobles and Ikela Green as officers who had been responsible for conducting surveillance rounds on the day of Plaintiff's assault. They revealed that all officers had body-worn cameras on the day of the assault, none of which had been activated. And they included a complete copy of the jail's official written policies, which had not been updated to reflect contemporary legal standards.

Based on this information, Plaintiff prepared the attached proposed Amended Complaint, which adds the above-named individuals as new individual-capacity defendants and supplements the allegations to reflect facts learned through written discovery. On June 26, 2024, Plaintiff's

counsel provided the proposed amended complaint to Defendants' counsel and asked if Defendants would consent to the amendment, as contemplated by Fed. R. Civ. P. 15(a)(2). On June 27, 2024, Defendants stated they would not consent to the amendment. Defendants' counsel did not identify any specific objections to the proposed amendment.

## ARGUMENT

**I.**   **The Court Should Grant Plaintiff's Motion for Leave to Amend the Complaint and Add Additional Defendants.**

Federal Rule of Civil Procedure 15(a) provides that on a motion to amend a pleading, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). "The law is well settled that leave to amend a pleading should be denied <u>only when</u> the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original, internal quotation marks omitted). Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

Plaintiff's motion should be granted because it is timely under the Court's Scheduling Order, and because it is not prejudicial, in bad faith, or futile. The Amended Complaint adds additional facts surrounding the same incident set forth in the original Complaint, which were learned through written discovery obtained after Plaintiff filed his original Complaint. It adds as defendants Brandon Gore, Matthew Pridgen, Scott Fowler, James Nobles, and Ikela Green, who are plainly proper parties to join in this lawsuit as their alleged misconduct relates to the same incident underlying the original Complaint. *See* Fed. R. Civ. P. 20(a)(2). It also corrects the

name of the surety defendant, and adds allegations regarding deficiencies in Defendants' written policies and officers' failure to use body-worn cameras.

The amendment is not prejudicial; it is filed early in the litigation, before the deadline to amend pleadings, and relates to the same facts alleged in the original Complaint.  It is not made in bad faith; Plaintiff informed Defendants discovery might reveal the identity of additional individual-capacity defendants early in the litigation, (26(f) Report, Doc. No. 21 at ¶ 2), and seeks to amend only after reviewing previously unavailable evidence.  It is not futile; it invokes well-established theories of liability, is based on allegations so egregious they served as a basis for the District Attorney's petition to remove Defendant Greene as sheriff, *see* Complaint, ¶¶ 56-59, and is obviously not "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510.

Plaintiff is not required to show diligence or good cause to support his motion, as it is filed before the deadline for amending the complaint and adding parties has passed.  *See Harbeck v. Smith*, 814 F. Supp. 2d 608, 634 (E.D. Va. 2011).  Regardless, the fact that his amendment is based on information only learned after the filing of his original Complaint underscores the propriety of granting leave to amend the Complaint.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion, grant him leave to amend his Complaint.

Respectfully submitted this the 28th day of June, 2024.

PATTERSON HARKAVY LLP

/s/ Paul E. Smith
Paul E. Smith, NC Bar No. 45014
psmith@pathlaw.com
Bradley J. Bannon, NC Bar No. 24106
bbannon@pathlaw.com
100 Europa Dr., Suite 420

5

Chapel Hill, North Carolina 27517
(919) 942-5200

*Counsel for Plaintiff*