IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3332-FL

| | |
|---|---|
| JOSHUA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEADMAN JODY GREENE, in his individual capacity; COLUMBUS COUNTY SHERIFF WILLIAM ROGERS, in his official capacity; BERNETTA CRAWFORD, in her individual capacity; TRINA WORLEY, in her individual capacity; and WESTERN SURETY COMPANY, in its capacity as surety on the official bond of the Sheriff of Columbus County, | ) ) ) ) ) ) ) ) ) ) ) ) ORDER |
| Defendants. | ) |

This matter is before the court on plaintiff's motion for leave to file amended complaint (DE 32). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff was the victim of an assault while he was a pretrial detainee at the Columbus County Detention Center, and he alleges defendants failed to protect him from same. Pursuant to the operative complaint, plaintiff asserts constitutional claims under 42 U.S.C. § 1983 premised on the alleged failure to protect him from harm and related state law tort claims.

Prior to filing this action, plaintiff's counsel reviewed North Carolina State Bureau of Investigation file reporting the agency's findings from its investigation of the assault ("SBI report"). (DE 33 at 1–2). The SBI report included documentation identifying the individual

officers responsible for supervising detainees prior to plaintiff's assault. (DE 33 at 1–2). Plaintiff, however, was not allowed to retain copies of the investigative file during the pre-suit investigation. (Id. at 2).

The parties are now conducting discovery. Plaintiff's instant motion to amend is based on information revealed in defendants' initial discovery responses, although defendants argue most of it also was available in the SBI report. For example, after review of defendants' responses to interrogatories and initial production of documents, plaintiff determined that detention center officer Brandon Gore ("Gore") "shared supervisory responsibilities [with unidentified officers] on the day of the assault." (Id. at 3). Plaintiff further learned that officers Matthew Pridgen ("Pridgen"), Scott Fowler ("Fowler"), and James Nobles ("Nobles") were present in the "master control room" supervising detainees around the time of the assault. (Id.). And defendants identified in their responses that officers Noble and Ikela Green ("Green") were responsible for conducting surveillance rounds on the day of the assault. (Id.).

Defendants also revealed in the discovery responses that "all officers [wore] body[] cameras on the day of the assault, [but] none [of them] had been activated." (Id.). Finally, the detention center's written policies, produced in discovery, allegedly "had not been updated to reflect contemporary legal standards." (Id.).

By the instant motion to amend, plaintiff seeks leave to file amended complaint that supplements the factual and legal allegations regarding the body cameras and policies, adds Gore, Pridgen, Fowler, Nobles, and Green as new individual-capacity defendants, and corrects the name of the corporate entity holding the Columbus County Sheriff's surety bond. Defendants oppose the motion to the extent plaintiff seeks to add additional defendants, with exception that they consent to substituting RLI Insurance Company for current defendant Western Surety Company.

As to the remaining newly proposed defendants, defendants argue that with one exception plaintiff was or should have been aware of their roles in the case prior to filing this action. Defendants also oppose the request to supplement legal or factual allegations, because same were or should have been known to plaintiff prior to filing this action, and the proposed new allegations primarily are irrelevant to the claims in the case.

**DISCUSSION**

A.     Standard of Review

When presented with a motion to amend, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[1] A motion for leave to amend should be allowed "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019); see In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the [pleading] fails to withstand Rule 12(b)(6) scrutiny.").

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-

---

[1]     Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

3

pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

In addition, "a court determining whether to grant a motion to amend to join additional [defendants] must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of [Federal Rule of Civil Procedure 20(a)]." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). Rule 20 permits multiple defendants to be joined in a single suit if the plaintiff shows "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The transaction or occurrence test of the rule . . . permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding." Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983).

B.   Analysis

Defendants primarily argue that plaintiff could have included the newly proposed defendants in the original complaint, where the information necessary to identify them and their roles in the case was available in the SBI report reviewed by plaintiff prior to filing suit. This argument, however, is unconvincing where the federal rules do not mandate discovery of all underlying facts and parties prior to initiating litigation. Instead, the rules specifically contemplate addition of new parties after plaintiff files the complaint. See Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 20(a)(2); Foman, 371 U.S. at 182.

Defendants cannot show that the motion to amend is dilatory under the Rule 15(a) standard. Foman, 371 U.S. at 182. First, "delay alone . . . is an insufficient reason to deny the plaintiff's motion to amend." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). Second, the motion to amend was filed before expiration of the deadline for amending the pleadings in the scheduling order, and shortly after defendants produced discovery pertinent to the claims against the proposed defendants. (DE 33 at 3; DE 37 at 6; DE 5 at 6). The proposed defendants can be served with the complaint and participate in discovery under the existing schedule, and in the current procedural posture the court is open to extending the deadlines in the case management order if necessary. Thus, even assuming plaintiff could have discovered the claims in his pre-suit investigation, the delay here is not unduly prejudicial to defendants. Foman, 371 U.S. at 182; Laber, 438 F.3d at 427 (explaining relevant factor is how far the case has progressed before motion to amend is filed).

To the extent defendants argue that plaintiff did not exercise reasonable diligence in discovering these proposed parties, the diligence requirement applies to motions to extend the deadline for amending the scheduling order under Federal Rule of Civil Procedure 16(b)(4). See Fed. R. Civ. P. 16(b)(4); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); Bhambhani v. Neuraxis, Inc., No. 22-1764, 2024 WL 2815063, at *2 (4th Cir. June 3, 2024) (explaining Rule 16(b)(4)'s good cause standard requires that the moving party show diligent efforts to comply with previously issued scheduling order). Here, plaintiff complied with the existing case management order by filing his motion to amend on the day the deadline for amending the pleadings expired. (DE 5 at 6). Accordingly, Rule 16(b)(4)'s reasonable diligence standard is not applicable here.

Next, defendants maintain that the newly proposed defendants will be prejudiced by their joinder more than seven months after this action was filed. But that is true of any newly joined

5

party.  If "allowing an officer to be sued months after a complaint is filed," which requires "the officer [to] retain counsel" and spend time defending against the claims (DE 36 at 5), were sufficient to demonstrate prejudice under Rule 15(a), then no parties could be joined under Rules 15(a) or 20.  That is not the law.  See Foman, 371 U.S. at 182 (noting prejudice inquiry focuses on prejudice to the party opposing amendment, and not to parties who have not been joined); Saval, 710 F.2d at 1031 (permitting "all reasonably related claims for relief by or against different parties to be tried in a single proceeding").

Finally, defendants argue that additional factual and legal allegations in the proposed amended complaint are irrelevant or unnecessary.  If that is true, then defendants cannot show any prejudice based on the amendments.  And to the extent defendants' argument is based on futility, plaintiff is not asserting new standalone legal claims on the basis of these amendments. (DE 37 at 4).  As set forth above, the futility inquiry questions whether plaintiff has pleaded sufficient facts to withstand a motion to dismiss.  Save Our Sound OBX, 914 F.3d at 228.  Defendants have not demonstrated that the instant supplemental allegations render any claims in this action subject to dismissal under the Rule 12(b)(6) standard.

In sum, plaintiff's proposed amendments are not unduly prejudicial, futile, proposed in bad faith, or dilatory.  The claims against the newly proposed defendants also satisfy the test for permissive joinder under Rule 20(a).  See Saval, 710 F.2d at 1031.  Accordingly, leave to amend must be granted.  Foman, 371 U.S. at 182.

## CONCLUSION

Based on the foregoing, plaintiff's motion for leave to file amended complaint (DE 32) is GRANTED.  The clerk shall file the proposed amended complaint at docket entry 32-1 as the

operative amended complaint in this matter, and plaintiff shall proceed expeditiously with service of process.

SO ORDERED, this the 3rd day of October, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge