IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION FILE NO. 5:23-ct-3332

JOSHUA JOHNSON,                          )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )
                                         )
STEADMAN   JODY   GREENE,   in   his     )    **DEFENDANT STEADMAN JODY**
individual capacity; COLUMBUS COUNTY     )    **GREENE'S ANSWER**
SHERIFF WILLIAM ROGERS in his official   )    **AND**
capacity; BERNETTA CRAWFORD, in her      )    **AFFIRMATIVE DEFENSES**
individual capacity; TRINA WORLEY in her )    **IN RESPONSE TO PLAINTIFF'S**
individual capacity; BRANDON GORE, in    )    **FIRST AMENDED COMPLAINT**
his    individual    capacity;  MATTHEW  )
PRIDGEN in his individual capacity; SCOTT)
FOWLER, in his individual capacity; JAMES)
NOBLES, in his individual capacity; IKELA)    **(Fed. R. Civ. P. 8(b)-(c))**
GREEN, in her individual capacity; and   )
WESTERN SURETY COMPANY, in its           )
capacity as Surety on the Official Bond of the )
Sheriff of Columbus County,              )
                                         )
            Defendants.         )
_____            )

NOW COMES Defendant Steadman Jody Greene (hereinafter "Greene"), by and through

the undersigned counsel, pursuant to Rule 8 of the Federal Rules of Civil Procedure, and

responds to the allegations contained in Plaintiff Joshua Johnson's (hereinafter "Plaintiff") First

Amended Complaint, [D.E. 40], as follows:

### FIRST AFFIRMATIVE DEFENSE
#### Qualified Immunity

Greene pleads qualified immunity as an affirmative defense and as a complete and total

bar to the federal claims asserted against him.

## SECOND AFFIRMATIVE DEFENSE
### Public Official Immunity

Greene pleads public official immunity as an affirmative defense and as a complete and total bar to the State-based claims asserted against him.

## THIRD AFFIRMATIVE DEFENSE
### Contributory Negligence

Greene pleads contributory negligence as an affirmative defense and as a complete and total bar to the claims asserted against him.

## FOURTH AFFIRMATIVE DEFENSE
### Failure to Exhaust Administrative Remedies – 42 U.S.C. § 1997e(a)

Greene pleads Plaintiff's failure to exhaust administrative remedies as an affirmative defense and as a complete and total bar to the claims contained in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### Incorporation of Affirmative Defenses Asserted by Others

To the extent applicable, Greene adopts, and incorporates by reference, the affirmative defenses asserted by the other named and answering defendant.

## SIXTH AFFIRMATIVE DEFENSE
### Reservation of Rights

To the extent permissible, Greene reserves the right to move for leave to amend this answer to assert additional affirmative defenses that become known or otherwise available as the case develops.

## ANSWER

Greene responds to the allegations contained in the enumerated paragraphs of Plaintiff's First Amended Complaint as follows:

1.     The allegations contained in paragraph 1 of the First Amended Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive

2

pleading is required, it is admitted, upon information and belief, that inmates assaulted Plaintiff on August 3, 2022, while he was housed at the Columbus County Detention Center (hereinafter "CCDC"). Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies the same.

2.     The allegations contained in paragraph 2 of the First Amended Complaint are editorial in nature and refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 2 of the First Amended Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the petition is denied.

3.     The allegations contained in paragraph 3 of the First Amended Complaint are editorial in nature and refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 3 of the First Amended Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the petition is denied.

4.     The allegations contained in paragraph 4 of the First Amended Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that, as a result of the assault, Plaintiff was airlifted to a hospital located in Wilmington, North Carolina. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 4 of the First Amended Complaint and therefore denies the same.

5.      The allegations contained in paragraph 5 of the First Amended Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegation that Greene "flagrantly disregarded the safety of the detention center's inmates" is denied. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 5 of the First Amended Complaint and therefore denies the same.

6.      The allegations contained in paragraph 6 of the First Amended Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 6 of the First Amended Complaint provides a summary of the claims for relief advanced therein. Except as expressly herein admitted, the allegations contained in paragraph 6 of the First Amended Complaint are denied.

7.      The allegations contained in paragraph 7 of the First Amended Complaint are admitted upon information and belief.

8.      The allegations contained in paragraph 8 of the First Amended Complaint are admitted.

9.      The allegations contained in paragraph 9 of the First Amended Complaint are admitted.

10.      The allegations contained in paragraph 10 of the First Amended Complaint are admitted.

11.      The allegations contained in paragraph 11 of the First Amended Complaint are admitted.

12.      The allegations contained in paragraph 12 of the First Amended Complaint are admitted.

13.     The allegations contained in paragraph 13 of the First Amended Complaint are admitted.

14.     The allegations contained in paragraph 14 of the First Amended Complaint are admitted.

15.     The allegations contained in paragraph 15 of the First Amended Complaint are admitted.

16.     The allegations contained in paragraph 16 of the First Amended Complaint are admitted.

17.     The allegations contained in paragraph 17 of the First Amended Complaint are admitted.

18.     As to the allegations contained in paragraph 18 of the First Amended Complaint, it is admitted that Defendants Greene and Rogers were insured during their times as Sheriff by liability insurance purchased pursuant to N.C. Gen. Stat. § 153A-435. Except as expressly herein admitted, the allegations contained in paragraph 18 of the First Amended Complaint are denied.

19.     The allegations contained in paragraph 19 of the First Amended Complaint are admitted.

20.     The allegations contained in paragraph 20 of the First Amended Complaint are admitted.

21.     The allegations contained in paragraph 21 of the First Amended Complaint are admitted.

22.     The allegations contained in paragraph 22 of the First Amended Complaint are admitted upon information and belief.

23.     The allegations contained in paragraph 23 are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 23 of the First Amended Complaint are denied.

24.     As to the allegations contained in paragraph 24 of the First Amended Complaint, it is admitted that 10A NCAC 14J .0601(a) requires detention officers to conduct surveillance rounds at least twice an hour with not more than 40 minutes between rounds and that they are required to observe each inmate during each round. The allegation that Greene, in his individual capacity, had an affirmative duty to conduct supervision rounds in accordance with 10A NCAC 14J .0601(a), and in failing to do so breached the same, is expressly denied. Greene is without sufficient independent knowledge to form a belief as to the remaining allegations contained in paragraph 24 of the First Amended Complaint and therefore denies the same.

25.     The allegations contained in paragraph 25 of the First Amended Complaint are admitted.

26.     The allegations contained in paragraph 26 of the First Amended Complaint are denied.

27.     As to the allegations contained in paragraph 27 of the First Amended Complaint, it is admitted, upon information and belief, that inmates assaulted Plaintiff on August 3, 2022, while he was housed at CCDC. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 27 of the First Amended Complaint and therefore denies the same.

28.     As to the allegations contained in 28 of the First Amended Complaint, it is admitted that 10A NCAC 14J .0601(b) states that "[a] jail shall utilize one or more supplemental methods of supervision 24 hours a day, 7 days a week." The allegation that Greene, in his

6

individual capacity, had an affirmative duty to perform supplemental methods supervision, and in failing to do so breached the same, is denied. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 28 of the First Amended Complaint and therefore denies the same.

29.     As to the allegations contained in paragraph 29 of the First Amended Complaint, it is admitted that surveillance cameras were set up throughout CCDC. References to Columbus County Sheriff's Office policies refer to written documents the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations regarding the Columbus County Sheriff's Office policies are admitted upon information and belief. The allegations regarding "a longstanding and well-established practice of ignoring" the referenced policies is denied. Except as expressly herein admitted, the allegations contained in paragraph 29 of the First Amended Complaint are denied.

30.     The allegations contained in paragraph 30 of the First Amended Complaint are admitted.

31.     The allegations contained in paragraph 31 of the First Amended Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 31 of the First Amended Complaint are denied.

32.     The allegations contained in paragraph 32 of the First Amended Complaint are editorial in nature, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 32 of the First Amended Complaint are denied.

33.     The allegations contained in paragraph 33 of the First Amended Complaint are admitted.

34.     As to the allegations contained in paragraph 34 of the First Amended Complaint, it is admitted that some of the inmates housed in CCDC, including HA-143, are pretrial detainees awaiting resolution of criminal charges involving violent crimes. It is further admitted that fights between inmates occur on occasion. Except as expressly herein admitted, the allegations contained in paragraph 34 of the First Amended Complaint are denied.

35.     The allegations contained in paragraph 35 of the First Amended Complaint are denied.

36.     The allegations contained in paragraph 36 of the First Amended Complaint are denied.

37.     The allegations contained in paragraph 37 of the First Amended Complaint are denied.

38.     The allegations contained in paragraph 38 of the First Amended Complaint are editorial in nature and refer to a written document, and as such, no responsive pleading is necessary. Insomuch as a responsive pleading is required, it is admitted that portions of Chapter 14J of the North Carolina Administrative Code were amended in 2020. Greene is without sufficient independent knowledge to form a belief as to truth or falsity of the remaining allegations contained within paragraph 38 of the First Amended Complaint and therefore denies the same.

39.     As to the allegations contained in paragraph 39 of the First Amended Complaint, it is admitted that Greene, in his official capacity as Columbus County Sheriff, had final policy-

making authority over the CCDC. Except as expressly herein admitted, the allegations contained in paragraph 39 of the First Amended Complaint are denied.

40.     As to the allegations contained in paragraph 40 of the First Amended Complaint, it is admitted that 10A N.C.A.C. 14J .0204 states that "[t]he sheriff or regional jail administrator shall review and approve the operations manual in writing annually beginning on January 1." Except as expressly herein admitted, the allegations contained in paragraph 40 of the First Amended Complaint are denied.

41.     The allegations contained in paragraph 41 of the First Amended Complaint are denied.

42.     The allegations contained in paragraph 42 of the First Amended Complaint are admitted upon information and belief.

43.     As to the allegations contained in paragraph 43 of the First Amended Complaint, it is admitted, upon information and belief, that on August 3, 2022, Crawford was the ranking officer on duty. It is further admitted, upon information and belief, that on August 3, 2022, Plaintiff was transferred from his quarantine cell to HA-143. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations regarding the individual officers responsible for Plaintiff's transfer and therefore denies the same. Except as expressly herein admitted, the allegations contained in paragraph 43 of the First Amended Complaint are denied.

44.     Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations regarding Crawford or her interactions with Plaintiff contained in paragraph 44 of the First Amended Complaint and therefore denies the same. The remaining allegations contained in paragraph 44 of the First Amended Complaint are expressly denied.

9

45.     Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations regarding Crawford's actions contained in paragraph 45 of the First Amended Complaint and as such denies the same. The remaining allegations contained in paragraph 45 of the First Amended Complaint are expressly denied.

46.     As to the allegations contained in paragraph 46 of the First Amended Complaint, it is admitted, upon information and belief, that Pridgen, Fowler, and Nobles were on duty at CCDC on August 3, 2022. Greene is without sufficient independent knowledge to form a belief as to the remaining allegations contained in paragraph 46 of the First Amended Complaint and therefore denies the same.

47.     Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the First Amended Complaint and therefore denies the same.

48.     As to the allegations contained in paragraph 48 of the First Amended Complaint, it is admitted that on August 3, 2022 at approximately 2:08 PM, Plaintiff moved his mattress and belongings from his cell on the second floor and placed them by the pod door. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the allegations regarding Plaintiff's intent and therefore denies the same. Except as expressly herein admitted, the allegations contained in paragraph 48 of the First Amended Complaint are denied.

49.     As to the allegations contained in paragraph 49 of the First Amended Complaint, it is admitted, upon information and belief, that Plaintiff repeatedly pressed the emergency call button. Except as expressly herein admitted, the allegations contained in paragraph 49 of the First Amended Complaint are denied.

50. As to the allegations contained in paragraph 50 of the First Amended Complaint, it is admitted that an inmate may be observed removing his socks. Except as expressly herein admitted, the allegations contained in paragraph 50 of the First Amended Complaint are denied.

51. The allegations contained in paragraph 51 of the First Amended Complaint are admitted.

52. The allegations contained in paragraph 52 of the First Amended Complaint are admitted.

53. The allegations contained in paragraph 53 of the First Amended Complaint are admitted.

54. The allegations contained in paragraph 54 of the First Amended Complaint are admitted.

55. As to the allegations contained in paragraph 55 of the First Amended Complaint, it is admitted, upon information and belief, that inmates within HA-143 repeatedly pressed the emergency call button in connection with Plaintiff's assault. Except as expressly herein admitted, the allegations contained in paragraph 55 of the First Amended Complaint are denied.

56. The allegations contained in paragraph 56 of the First Amended Complaint are admitted.

57. The allegations contained in paragraph 57 of the First Amended Complaint are admitted upon information and belief.

58. The allegations contained in paragraph 58 of the First Amended Complaint are admitted.

59. The allegations contained in paragraph 59 of the First Amended Complaint are admitted.

60.     As to the allegations contained in paragraph 60 of the First Amended Complaint, it is admitted that detention officers did not respond during Plaintiff's assault. Except as expressly herein admitted, the allegations contained in paragraph 60 of the First Amended Complaint are denied.

61.     As to the allegations contained in paragraph 61 of the First Amended Complaint it is admitted that Plaintiff's assault occurred during a shift that began at 7:00 AM on August 3, 2022. Greene is without sufficient independent knowledge to form a belief as to the allegations regarding the frequency of safety checks that day and therefore denies the same. Except as expressly herein admitted, the allegations contained in paragraph 61 of the First Amended Complaint are denied.

62.     As to the allegations contained in paragraph 62 of the First Amended Complaint, it is admitted, upon information and belief, that Crawford, Nobles, and Green were on duty the day of the assault and were responsible for conducting surveillance rounds and knew that regulations required them to conduct two surveillance rounds every hour. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 62 of the First Amended Complaint and therefore denies the same.

63.     As to the allegations contained in paragraph 63 of the First Amended Complaint, it is admitted that detention officers were supposed to have their body-worn cameras activated while they were on duty. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 63 of the First Amended Complaint and therefore denies the same.

12

64.     The allegations contained in paragraph 64 of the First Amended Complaint are denied.

65.     As to the allegations contained in paragraph 65 of the First Amended Complaint, it is admitted, upon information and belief, that New Hanover Regional Medical Center provided Plaintiff inpatient treatment for a period of approximately two weeks. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 65 of the First Amended Complaint and therefore denies the same.

66.     As to the allegations contained in paragraph 66 of the First Amended Complaint, it is admitted, upon information and belief, that Plaintiff suffered serious injuries following the August 3, 2022 assault. It is further admitted that Plaintiff survived the assault. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 66 of the First Amended Complaint and therefore denies the same.

67.     The allegations contained in paragraph 67 of the First Amended Complaint are admitted upon information and belief.

68.     The allegations contained in paragraph 68 of the First Amended Complaint refer to written documents, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 68 of the First Amended Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the petition is expressly denied. Except as expressly herein admitted, the allegations contained in paragraph 68 of the First Amended Complaint are denied.

69.     The allegations contained in paragraph 69 of the First Amended Complaint refer to written documents, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 69 of the First Amended Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the petition is expressly denied. Except as expressly herein admitted, the allegations contained in paragraph 69 of the First Amended Complaint are denied.

70.     The allegations contained in paragraph 70 of the First Amended Complaint refer to written documents, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 70 of the First Amended Complaint are admitted. Greene is without sufficient independent knowledge to form a belief as to the truth or falsity of this specific allegations contained within the amended petition and therefore denies the same. Any implication regarding the accuracy of misconduct allegations contained within the petition is expressly denied. Except as expressly herein admitted, the allegations contained in paragraph 70 of the First Amended Complaint are denied.

71.     The allegations contained in paragraph 71 of the First Amended Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 71 of the First Amended Complaint accurately summarizes certain language within the amended petition. Any implication regarding the accuracy of misconduct allegations contained within the amended petition is denied. Except as expressly herein admitted, the allegations contained in paragraph 71 of the First Amended Complaint are denied.

14

72. The allegations contained in paragraph 72 of the First Amended Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 72 of the First Amended Complaint accurately summarizes certain language within the amended petition. Any implication regarding the accuracy of misconduct allegations contained within the amended petition is denied. Except as expressly herein admitted, the allegations contained in paragraph 72 of the First Amended Complaint are denied.

73. The allegations contained in paragraph 73 of the First Amended Complaint refer to a written document, the contents of which speak for themselves, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, it is admitted that paragraph 73 of the First Amended Complaint accurately summarizes certain language within the amended petition. Any implication regarding the accuracy of misconduct allegations contained within the amended petition is denied. Except as expressly herein admitted, the allegations contained in paragraph 73 of the First Amended Complaint are denied.

74. The allegations contained in paragraph 74 of the First Amended Complaint are admitted.

75. The allegations contained in paragraph 75 of the First Amended Complaint are admitted.

76. The allegations contained in paragraph 76 of the First Amended Complaint are admitted.

77. The allegations contained in paragraph 77 of the First Amended Complaint are admitted. Any implication regarding the accuracy of misconduct allegations contained within the second petition is denied.

15

78.     The allegations contained in paragraph 78 of the First Amended Complaint are admitted.

79.     The allegations contained in paragraph 79 of the First Amended Complaint are admitted.

80.     Greene restates his responses to the allegations contained in paragraphs 1 through 79 of the First Amended Complaint and incorporates them as if fully set forth herein.

81.     The allegations contained in paragraph 81 of the First Amended Complaint are admitted.

82.     The allegations contained in paragraph 82 of the First Amended Complaint are denied.

83.     The allegations contained in paragraph 83 of the First Amended Complaint are denied.

84.     The allegations contained in paragraph 84 of the First Amended Complaint are denied.

85.     The allegations contained in paragraph 85 of the First Amended Complaint are denied.

86.     The allegations contained in paragraph 86 of the First Amended Complaint are denied.

87.     The allegations contained in paragraph 87 of the First Amended Complaint are denied.

88.     The allegations contained in paragraph 88 of the First Amended Complaint are denied.

16

89.     The allegations contained in paragraph 89 of the First Amended Complaint are denied.

90.     The allegations contained in paragraph 90 of the First Amended Complaint are denied.

91.     The allegations contained in paragraph 91 of the First Amended Complaint are denied.

92.     The allegations contained in paragraph 92 of the First Amended Complaint are denied.

93.     The allegations contained in paragraph 93 of the First Amended Complaint are denied.

94.     Greene restates his responses to the allegations contained in paragraphs 1 through 93 of the First Amended Complaint and incorporates them as if fully set forth herein.

95.     The allegations contained in paragraph 95 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 95 of the First Amended Complaint are denied.

96.     The allegations contained in paragraph 96 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 96 of the First Amended Complaint are denied.

97.     The allegations contained in paragraph 97 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a

responsive pleading is required, the allegations contained in paragraph 97 of the First Amended Complaint, and all subparts thereof, are denied.

98.     The allegations contained in paragraph 98 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 98 of the First Amended Complaint are denied.

99.     The allegations contained in paragraph 99 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 99 of the First Amended Complaint are denied.

100.     The allegations contained in paragraph 100 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 100 of the First Amended Complaint are denied.

101.     The allegations contained in paragraph 101 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 101 of the First Amended Complaint are denied.

102.     The allegations contained in paragraph 102 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 102 of the First Amended Complaint are denied.

103.     Greene restates his responses to the allegations contained in paragraphs 1 through 102 of the First Amended Complaint and incorporates them as if fully set forth herein.

104.     The allegations contained in paragraph 104 of the First Amended Complaint are admitted.

105.     As to the allegations contained in paragraph 105 of the First Amended Complaint, it is admitted that Defendants had certain duties prescribed by law. Any implication that Defendants breached said duties is denied.

106.     The allegations contained in paragraph 106 of the First Amended Complaint, and all subparts thereof, are denied.

107.     The allegations contained in paragraph 107 of the First Amended Complaint are denied.

108.     The allegations contained in paragraph 108 of the First Amended Complaint are denied.

109.     The allegations contained in paragraph 109 of the First Amended Complaint are denied.

110.     The allegations contained in paragraph 110 of the First Amended Complaint are denied.

111.     Greene restates his responses to the allegations contained in paragraphs 1 through 110 of the First Amended Complaint and incorporates them as if fully set forth herein.

112.     The allegations contained in paragraph 112 of the First Amended Complaint are admitted.

113.     The allegations contained in paragraph 113 of the First Amended Complaint are denied.

114.    The allegations contained in paragraph 114 of the First Amended Complaint are denied.

115.    The allegations contained in paragraph 115 of the First Amended Complaint are denied.

116.    The allegations contained in paragraph 116 of the First Amended Complaint are denied.

117.    The allegations contained in paragraph 117 of the First Amended Complaint are denied.

118.    The allegations contained in paragraph 118 of the First Amended Complaint are denied.

119.    Greene restates his responses to the allegations contained in paragraphs 1 through 118 of the First Amended Complaint and incorporates them as if fully set forth herein.

120.    The allegations contained in paragraph 120 of the First Amended Complaint are admitted.

121.    The allegations contained in paragraph 121 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 121 of the First Amended Complaint are denied.

122.    The allegations contained in paragraph 122 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 122 of the First Amended Complaint are denied.

123.     The allegations contained in paragraph 123 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 123 of the First Amended Complaint are denied.

124.     The allegations contained in paragraph 124 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 124 of the First Amended Complaint are denied.

125.     The allegations contained in paragraph 125 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 125 of the First Amended Complaint are denied.

126.     The allegations contained in paragraph 126 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 126 of the First Amended Complaint are denied.

127.     Greene restates his responses to the allegations contained in paragraphs 1 through 126 of the First Amended Complaint and incorporates them as if fully set forth herein.

128.     The allegations contained in paragraph 128 are admitted.

129.     The allegations contained in paragraph 129 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 129 of the First Amended Complaint are denied.

130.    The allegations contained in paragraph 130 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 130 of the First Amended Complaint are denied.

131.    The allegations contained in paragraph 131 of the First Amended Complaint are not directed toward Greene, and as such, no responsive pleading is required. Insomuch as a responsive pleading is required, the allegations contained in paragraph 131 of the First Amended Complaint are denied.

132.    All allegations contained within the First Amended Complaint not expressly admitted herein are denied.

## **PRAYER FOR RELIEF**

WHEREFORE, Greene respectfully prays that the Court grant the following relief:

1.    That Plaintiff have and recover nothing from Greene;

2.    That Plaintiff's claims be dismissed, with prejudice, and that the costs be assessed against Plaintiff;

3.    For trial by jury on all issues so triable;

4.    For attorney's fees to the degree permitted by law; and

5.    For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 14th day of November, 2024.

SUMRELL SUGG, P.A.
*Attorneys for Defendant Greene*

BY:    /s/Frederick H. Bailey, III
State Bar No. 36603
Email:  fbailey@nclawyers.com
416 Pollock Street
Post Office Drawer 889

New Bern, North Carolina 28563
Telephone: (252) 633-3131
Facsimile: (252) 633-3507

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT STEADMAN JODY GREENE'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF System which will provide electronic notice to:

Paul E. Smith, Esq.
Bradley J. Bannon, Esq.
Patterson Harkavy, LLP
100 Europa Drive, Suite 420
Chapel Hill, North Carolina 27517
*Attorneys for Plaintiff*

Christopher J. Geis, Esq.
Erin Holcomb Epley, Esq.
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
*Attorney for Defendants William Rogers, Bernetta Crawford, Trina Worley, and Brandon Gore*

Norwood P. Blanchard, III
Crossley McIntosh Collier Hanley & Edes, PLLC
5001 Randall Parkway
Wilmington, North Carolina 28403
*Attorney for Defendant Idela Green*

Patrick H. Flanagan
Jake William Stewart
Cranfill Sumner LLP
2907 Providence Road, Suite 200
Charlotte, North Carolina 28211
*Attorneys for Defendant James Nobles*

Dan McCord Hartzog, Jr.
Hartzog Law Group LLP
2626 Glenwood Avenue, Suite 305
Raliegh, North Carolina 27608
*Attorney for Defendant Matthew Pridgen*

David A. Harris
Richard L. Glenn
Bovis, Kyle, Burch & Medlin, LLC
200 Ashford Center North, Suite 500
Atlanta, Georgia 30338-2680
*Attorneys for Defendant RLI Insurance Company*

This the 14th day of November, 2024.

SUMRELL SUGG, P.A.
*Attorneys for Defendant Greene*

BY:     /s/Frederick H. Bailey, III
        State Bar No. 36603
        Email:  fbailey@nclawyers.com
        416 Pollock Street
        Post Office Drawer 889
        New Bern, North Carolina 28563
        Telephone: (252) 633-3131
        Facsimile: (252) 633-3507