IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 5:23-ct-3332

| | |
|---|---|
| JOSHUA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STEADMAN JODY GREENE, in his individual capacity; COLUMBUS COUNTY SHERIFF WILLIAM ROGERS, in his official capacity; BERNETTA CRAWFORD, in her individual capacity; TRINA WORLEY, in her individual capacity; BRANDON GORE, in his individual capacity; MATTHEW PRIDGEN, in his individual capacity; SCOTT FOWLER, in his individual capacity; JAMES NOBLES, in his individual capacity; IKELA GREEN, in her individual capacity; and RLI Insurance Company, in its capacity as Surety on the Official Bond of the Sheriff of Columbus County,<br><br>Defendants. | **DEFENDANT PRIDGEN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

NOW COMES Defendant Matthew Pridgen ("Defendant"), by and through his undersigned counsel, responding to Plaintiff's First Amended Complaint as follows:

# ANSWER

1. It is admitted that Plaintiff Joshua Johnson was assaulted on August 3, 2022. Except as specifically admitted, the allegations contained in Paragraph 1 are denied.

2. It is admitted upon information and belief that the Columbus County District Attorney filed a petition to remove Sheriff Greene from office. Except as specifically admitted, the allegations contained in Paragraph 2 are denied, due to a lack of information and belief.

3. It is admitted that the petition speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 are denied, due to a lack of information and belief.

5. The allegations contained in Paragraph 5 are denied, due to a lack of information and belief.

6. The allegations contained in Paragraph 6 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

7. The allegations contained in Paragraph 7 are denied, due to a lack of information and belief.

8. The allegations contained in Paragraph 8 are admitted upon information and belief.

9. It is admitted that Sheriff Rogers was sworn in after the departure of Sheriff Greene. Except as specifically admitted, the allegations contained in Paragraph 9 are denied, due to a lack of information and belief.

10. The allegations contained in Paragraph 10 are denied, due to a lack of information and belief.

11. The allegations contained in Paragraph 11 are denied, due to a lack of information and belief.

12. The allegations contained in Paragraph 12 are admitted.

13. The allegations contained in Paragraph 13 are denied, due to a lack of information and belief.

14. The allegations contained in Paragraph 14 are denied, due to a lack of information and belief.

15. The allegations contained in Paragraph 15 are denied, due to a lack of information and belief.

16. The allegations contained in Paragraph 16 are denied, due to a lack of information and belief.

17. The allegations contained in Paragraph 17 are denied, due to a lack of information and belief.

18. The allegations contained in Paragraph 18 are denied, due to a lack of information and belief.

19. The allegations contained in Paragraph 19 constitute conclusions of law, to which no response is required.

20. The allegations contained in Paragraph 20 constitute conclusions of law, to which no response is required.

21. It is admitted that the CCDC is operated by the Columbus County Sheriff's Office, that Defendant Greene was the Sheriff of Columbus County, and that Worley was Captain. Except as specifically admitted, the allegations contained in Paragraph 21 are denied.

22. It is admitted that Crawford was the sergeant on duty and Gore was the corporal on duty on the date of the assault. Except as specifically admitted, the allegations contained in Paragraph 22 are denied, due to a lack of information and belief.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

25. The allegations contained in Paragraph 25 are admitted.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied, due to a lack of information and belief.

28. It is admitted that 10A NCAC 14J speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 28 are denied.

29. It is admitted that CCDC had video surveillance cameras throughout the jail. It is further admitted that the CCDC's written policies speak for themselves, and are the best evidence of their contents. Except as specifically admitted, the allegations contained in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 are admitted.

31. The allegations contained in Paragraph 31 are denied.

32. The allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are admitted.

34. It is admitted that the jail held inmates charged with violent crimes. The remaining allegations contained in Paragraph 34 are denied, due to a lack of information and belief.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

37. The allegations contained in Paragraph 37 are denied.

38. The allegations contained in Paragraph 38 are denied, due to a lack of information and belief.

39. The allegations contained in Paragraph 39 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

40. The allegations contained in Paragraph 40 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

41. The allegations contained in Paragraph 41 are denied, due to a lack of information and belief.

42. It is admitted that Plaintiff was incarcerated in the CCDC, and was initially locked up in the quarantine cell. Except as specifically admitted, the allegations contained in Paragraph 42 are denied, due to a lack of information and belief.

43. It is admitted that Crawford was the ranking officer on duty on August 3, 2022. It is further admitted that Plaintiff was placed in HA-143. Except as specifically admitted, the allegations contained in Paragraph 43 are denied, due to a lack of information and belief.

44. The allegations contained in Paragraph 44 are denied, due to a lack of information and belief.

45. The allegations contained in Paragraph 45 are denied, due to a lack of information and belief.

46. It is admitted that Pridgen and Fowler were assigned to the master control room on the day of the assault, and were responsible for monitoring the video surveillance system and responding when inmates pressed the call button. Except as specifically admitted, the allegations contained in Paragraph 46 are denied.

47. The allegations contained in Paragraph 47 are denied, due to a lack of information and belief.

48. The allegations contained in Paragraph 48 are denied, due to a lack of information and belief.

49. The allegations contained in Paragraph 49 are denied.

50. The allegations contained in Paragraph 50 are denied.

51. The allegations contained in Paragraph 51 are denied, due to a lack of information and belief.

52. The allegations contained in Paragraph 52 are denied, due to a lack of information and belief.

53. The allegations contained in Paragraph 53 are denied, due to a lack of information and belief.

54. The allegations contained in Paragraph 54 are denied, due to a lack of information and belief.

55. The allegations contained in Paragraph 55 are denied.

56. The allegations contained in Paragraph 56 are denied, due to a lack of information and belief.

57. The allegations contained in Paragraph 57 are denied, due to a lack of information and belief.

58. The allegations contained in Paragraph 58 are denied, due to a lack of information and belief.

59. The allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 are denied.

61. The allegations contained in Paragraph 61 are denied, due to a lack of information and belief.

62. The allegations contained in Paragraph 62 are denied, due to a lack of information and belief.

63. The allegations contained in Paragraph 63 are denied, due to a lack of information and belief.

64. The allegations contained in Paragraph 64 are denied.

65. The allegations contained in Paragraph 65 are denied, due to a lack of information and belief.

66. The allegations contained in Paragraph 66 are denied, due to a lack of information and belief.

67. The allegations contained in Paragraph 67 are admitted, upon information and belief.

68. The allegations contained in Paragraph 68 are denied, due to a lack of information and belief.

69. The allegations contained in Paragraph 69 are denied, due to a lack of information and belief.

70. The allegations contained in Paragraph 70 are denied, due to a lack of information and belief.

71. The allegations contained in Paragraph 71 are denied, due to a lack of information and belief.

72. The allegations contained in Paragraph 72 are denied, due to a lack of information and belief.

73. The allegations contained in Paragraph 73 are denied, due to a lack of information and belief.

74. The allegations contained in Paragraph 74 are denied, due to a lack of information and belief.

75. The allegations contained in Paragraph 75 are admitted, upon information and belief.

76. The allegations contained in Paragraph 76 are admitted.

77. The allegations contained in Paragraph 77 are denied, due to a lack of information and belief.

78. It is admitted upon information and belief that Sheriff Green resigned from office. Except as specifically admitted, the allegations contained in Paragraph 78 are denied, due to a lack of information and belief.

79. The allegations contained in Paragraph 79 are admitted, upon information and belief.

80. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

81. The allegations contained in Paragraph 81 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

82. The allegations contained in Paragraph 82 are denied.

83. The allegations contained in Paragraph 83 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

84. The allegations contained in Paragraph 84 are denied.

85. The allegations contained in Paragraph 85 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

86. The allegations contained in Paragraph 86 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

87. The allegations contained in Paragraph 87 are denied.

88. The allegations contained in Paragraph 88 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

89. The allegations contained in Paragraph 89 are denied.

90. The allegations contained in Paragraph 90 are denied.

91. The allegations contained in Paragraph 91 are denied.

92. The allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied.

94. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

95. The allegations contained in Paragraph 95 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

96. The allegations contained in Paragraph 96 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

97. The allegations contained in Paragraph 97 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

98. The allegations contained in Paragraph 98 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

99. The allegations contained in Paragraph 99 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

100. The allegations contained in Paragraph 100 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

101. The allegations contained in Paragraph 101 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

102. The allegations contained in Paragraph 102 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

103. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

104. The allegations contained in Paragraph 104 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

105. The allegations contained in Paragraph 105, including subparts a-n, constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

106. The allegations contained in Paragraph 106, including subparts a-m, are denied.

107. The allegations contained in Paragraph 107 are denied.

108. The allegations contained in Paragraph 108 are denied.

109. The allegations contained in Paragraph 109 are denied.

110. The allegations contained in Paragraph 110 are denied.

111. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

112. The allegations contained in Paragraph 112 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

113. The allegations contained in Paragraph 113 are denied.

114. The allegations contained in Paragraph 114 are denied.

115. The allegations contained in Paragraph 115 are denied.

116. The allegations contained in Paragraph 116 are denied.

117. The allegations contained in Paragraph 117 are denied.

118. The allegations contained in Paragraph 118 are denied.

119. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

120. The allegations contained in Paragraph 120 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

121. The allegations contained in Paragraph 121 are denied.

122. The allegations contained in Paragraph 122 are denied.

123. The allegations contained in Paragraph 123 are denied.

124. The allegations contained in Paragraph 124 are denied.

125. The allegations contained in Paragraph 125 are denied.

126. The allegations contained in Paragraph 126 are denied.

127. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

128. The allegations contained in Paragraph 128 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

129. The allegations contained in Paragraph 129 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

130. The allegations contained in Paragraph 130 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

131. The allegations contained in Paragraph 131 are not directed to the answering defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED TO ABOVE, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, ARE DENIED.

## FIRST AFFIRMATIVE DEFENSE

Defendant Pridgen pleads qualified and public official immunity as a complete defense to all applicable claims asserted herein.

## SECOND AFFIRMATIVE DEFENSE

Defendant Pridgen pleads all other applicable immunities to which he is entitled by operation of law in bar of Plaintiff's rights to recover herein.

## THIRD AFFIRMATIVE DEFENSE

Defendant Pridgen did not owe any specific individual duties to Plaintiff on the date in question, and breached no duties.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Pridgen pleads the defense of intervening, superseding, and insulating acts, including the criminal acts of third parties, as a defense to Plaintiff's claims.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Pridgen pleads contributory negligence as a defense to Plaintiff's negligence based claims against him.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by N.C.G.S. §1D *et seq.* and by the constitutions of the United States and North Carolina. Plaintiff's claims for punitive damages are in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that they would deprive Defendants of property without due process of law; further, the claims for punitive damages are violative of the Fourteenth Amendment of the Constitution of the United States concerning equal protection; and the punitive damages claims are further in violation of the Eighth Amendment of the Constitution of the United States prohibiting imposition of excessive fines.

## ADDITIONAL AFFIRMATIVE DEFENSES

DEFENDANTS RESERVE THE RIGHT TO AMEND THEIR ANSWER AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFF ARE MORE FULLY DISCLOSED DURING THE COURSE OF THIS LITIGATION.

WHEREFORE, having fully answered each and every allegation contained in Plaintiff's Complaint, Defendant Pridgen prays to the Court as follows:

1. That the Plaintiff have and recover nothing of Defendant Pridgen by way of this action;

2. For the costs of this action, including reasonable attorneys' fees;

3. For a trial by jury on all issues of fact so triable herein; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 15th day of December, 2024.

**HARTZOG LAW GROUP LLP**

*/s/ Dan M. Hartzog, Jr.*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Matthew Pridgen*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that this day the foregoing *Defendant Pridgen's Answer to Plaintiff's First Amended Complaint* was served on the following parties to this action by filing a copy with the Court's CM/ECF system, which will send a copy to all registered users, including counsel of record:

Paul E. Smith
Bradley J. Bannon
Patterson Harkavy, LLP
psmith@pathlaw.com
bbannon@pathlaw.com
*Attorneys for Plaintiff*

Frederick Bailey
Sumrell Sugg, PA
fbailey@nclawyers.com
*Attorney for Defendant Greene*

Christopher J. Geis
Nicholas David Acevedo
Erin Epley
Womble Bond Dickinson
chris.geis@wbd-us.com
nick.acevedo@wbd-us.com
erin.epley@wbd-us.com
*Attorneys for Defendants Rogers, Crawford, Worley, Gore, and Fowler*

Patrick H. Flanagan
Jake W. Stewart
Cranfill Sumner LLP
phf@cshlaw.com
jstewart@cshlaw.com
*Attorneys for Defendant Nobles*

Norwood Blanchard
Crossley McIntosh, et al.
norwood@cmclawfirm.com
*Attorney for Defendant Green*

David A. Harris
Richard Glenn III
Bovis, Kyle, Burch, & Medlin, LLC
dab@boviskyle.com
rglenn@boviskyle.com
*Attorneys for RLI Insurance Co.*

This the 15th of December, 2024.

**HARTZOG LAW GROUP LLP**

*/s/ Dan M. Hartzog, Jr.*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330

E-mail: dhartzogjr@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorney for Defendant Matthew Pridgen*